## GURNETT v. HENRY.

1. EVIDENCE—*Possession of Lands—Presumption.* Proof of title raises a presumption of possession.

2. APPEAL—*Harmless Error.* Bill to quiet title, plaintiff averring possession. This averment was denied, and no evidence upon the question was given by either party. But defendant showed no title. *Held* that having no right, judgment for the plaintiff was not to his prejudice.

*Appeal from Washington District Court.* HON. H. P. BURKE, Judge.

Mr. AUGUST MUNTZING, Mr. EGBERT MORE, for appellant.

Mr. CHALKLEY A. WILSON, Mr. ASHER B. WILSON, for appellee.

*Per Curiam.*

Code action to quiet title. Appellee, plaintiff below, deraigned her title to the land in question from the government. Appellant's title depended entirely upon a tax deed which was void on its face, for the reason that it was based upon a tax sale certificate originally issued to the county and assigned by the county to appellant's grantor, more than three years after its date. This fatal defect appearing upon the face of the tax deed, the trial court properly excluded said deed and rendered judgment for appellee.

Appellee, in her complaint, alleged that she was in actual possession of the land. Appellant denied this averment, and alleged, both in his answer and in his cross-complaint, that the land was vacant and unoccupied. On the trial, no proof whatever was offered by either party touching possession. On this state of the record appellant insists that because of this failure of proof the judg-

ment must be reversed. This contention is without merit. If the land was occupied by plaintiff (and, in the absence of any evidence to the contrary, her proof of title raises a presumption of possession) the judgment is right; if it was vacant, as appellant alleged, the judgment cannot prejudice him, for, by his own proof, he disclosed affirmatively that he was without title.

*Judgment affirmed.*